IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Jorge Alberto Rodriguez, | ) | C/A 2:14-cv-286-JMC-WWD |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| Warden Dennis Bush, | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Respondent, | ) | |
| _____ | ) | |

The Petitioner, Jorge Alberto Rodriguez, # 300992, a state prisoner proceeding *pro se*, seeks habeas corpus relief pursuant to 28 U.S.C. § 2254 from a state conviction. This matter is before the Court upon Respondent's Motion for Summary Judgment. (Dkt. No. 22, 23).

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., the undersigned magistrate judge is authorized to review the instant petition for relief and submit findings and recommendations to the District Judge.

The Petitioner brought this habeas action on February 3, 2014. (See Dkt. 1). On June 23, 2014, Respondent filed a Motion for Summary Judgment[1]. (Dkt. No. 22, 23).

---

[1] The Respondent made the following documents exhibits to his motion:
   (1) PCR Appendix, containing:
     (a) Index;
     (b) Trial Transcript Dated December 9–11, 2003;
     (c) Sentencing Transcript Dated April 2, 2004;
     (d) Application for Post-Conviction Relief (2005-CP-42-449);
     (e) Return (2005-CP-42-449);
     (f) Post-Conviction Relief Hearing Transcript Dated September 18, 2006 (2005-CP-42-449);
     (g) Order of Dismissal (2005-CP-42-449) (Signed by Roger L. Couch);
     (h) Applicant's Exhibit #1 (Letter dated September 5, 2003);
     (i) Applicant's Exhibit #2 (Letter dated November 26, 2003);

By order filed June 30, 2014, pursuant to <u>Roseboro v.Garrison</u>, 528 F.2d 309 (4th Cir. 1975), the Petitioner was advised of the summary judgment procedure and the possible consequences if he failed to adequately respond to the motion. (Dkt. No. 24). Petitioner filed his Response in Opposition on August 7, 2014. (Dkt. No. 26.)  Hence it appears consideration of the motion is appropriate.

## GROUNDS FOR RELIEF

In his <u>pro se</u> Petition for Writ of Habeas Corpus, Petitioner makes the following claims of error:

Ground One: Ineffective Assistance of Trial Counsel

Supporting Facts: Attorney Gutierrez did not work for me as hard as my cousin's lawyer Mr. Warder did, but still I was tried in my absence. English is not my first or primary language, and interpreter was most necessary through-out this whole ordeal, and I was entitled to one.

Ground Two: Violation of Due Process and Equal Protection of the Law

Supporting Facts: I was not present at trial, My P.C.R. counsel failed to file an

---

(j) Application for Post-Conviction Relief (2010-CP-42-0407);
(k) Return (2010-CP-42-0407);
(l) Post-Conviction Relief Hearing Transcript dated September 14, 2010 (2010-CP-42-0407);
(m) Austin Order of Dismissal (2010-CP-42-0407);
(n) Motion to Remand for Correction of Scrivener's Error and Motion to Hold Appeal in Abeyance;
(o) Return to Motion to Remand and Hold in Abeyance;
(p) Supreme Court Order dated May 27, 2011;
(q) Order of Dismissal (2005-CP-42-449) (Signed by Doyet A. Early, III);
(r) Notice of Appeal dated June 16, 2011 (2005-CP-42-449);
(s) Motion to Amend Appendix and Hold Time Limits in Abeyance (2005-CP-42-449);
(t) Return to Motion to Amend Appendix and Hold Time Limits in Abeyance;
(u) Supreme Court Order dated April 18, 2012;
(v) Indictment;
(2) Notice of Appeal (First PCR Appeal);
(3) Remittitur (First PCR Appeal);
(4) Petition for Writ of Certiorari;
(5) Petition for Writ of Certiorari Pursuant to Austin v. State;
(6) Petition for Writ of Certiorari;
(7) Return to Petition for Writ of Certiorari;
(8) Order Dated Dec. 5, 2013; and
(9) Remittitur.

appeal on My behalf, and Therefore I was denied a collateral opportunity and this further shows the I.A.C. of P.C.R. counsel. My initial help and assistance of the recovery of The Drugs and Weapons was not considered in My Sentencing, nor the fact of My limited English Comprehension. I have NO Motion of Disc.

Ground Three: The Sentence is Too excessive Compared to other States, and I have my prior record not considered.

Supporting Facts: I have no prior bad acts (Felony) that would reflect the necessity to sentence me for 25 years. Most cases for Trafficking in S. Carolina are sentenced to 15 years or less even with Jury Trials, I have No Rule 5 to look over. Murderers have been sentenced to less time than I've received, the sentence is improper.

Ground Four: Violations of My U.S. Constitutional Rights (Bill of Rights) – U.S.C.A. 1st, 4th, 5th, 15th and 8th

Supporting Facts: True Access to the Courts comes only through a true advocate for the Defense, This I had not. I was not "Properly" Marandized at the scene that night, I was illegally seized and coerced into divulging location of drugs and weapons. My help at the scene that night, was in violation of the silence provision of U.S.C.A. 5, The 14th was violated by violation of Due Process & Equal Protection (Miranda)

(Dkt. No. 10-1 at 5–10) (errors in original).

Additionally, Petitioner submitted a handwritten supplement to his Ground Four assertions, which states:

Ground Four: in That, I am Educationally speaking, Illiterate. Even if I possessed good command of the English language, that does not automatically ensure a 100% comprehension of things said, and in Jurisprudence, Comprehension is everything. Law in and of itself, is a Highly complex field of endeavor, and only the most schooled Professionals stand any chance at all in a court room setting.
    I could not receive Equal Protection and Due Process without an Attorney in any Forum Acting as a True Gladiator of the "Adversarial Contest," This I did not receive. Every piece of Evidence was received basically with My help, and to my own detriment. For the good it did me, I should have stayed silent. The 8th Amendment was violated, not once, but atleast twice. The first time, was in the length of sentence, being that others throughout the state have received considerably less sentences. The violation of all of the other Rights constitutes the second 8th Amendment violation. I understand that I broke the Law, But, Sentencing Me too a 25 years sentence, does nothing to curb crime in S. Carolina.

3

> Almost every day in South Carolina, The T.V. and Newspapers reflect the growing problem of violent crime, does My sentence stop or deter the escallating crime Rate? No, it is only more of a drain on an already overtaxed Economic system. Yes, I understand that I must serve some time in prison, but 10 to 15 years is a lot better and appropriate like others receive who aren't Latinos. This is cruel and unusual, when looked at in Light of other cases of different races involved, the last Attorneys did not put forth the effort needed to ensure even a partial success. The only Attorney who really Fought for Me was Jaun's, Mr. Warder, he put forth the effort to really assist Me.

(Dkt.No. 10-1 at 11–12) (errors in original).

## PROCEDURAL HISTORY

The Petitioner is currently in the custody of the Lee Correctional Institution pursuant to an order of commitment from the Clerk of Court of Spartanburg County. Petitioner was indicted at the February 2002 term of the Court of General Sessions for Spartanburg County for trafficking in cocaine over 200 grams (02-GS-42-0715, count 1), possession of a weapon during the commission of a violent crime (02-GS-42-0715, count 2), and pointing and presenting a firearm (02-GS-42-0715, count 3). PCR App. at 565–66. He was represented by John C. Gutierrez, Esquire, at trial. PCR App. at 1. On December 9–11, 2003, Petitioner and his co-defendant, Juan Enrique Rodriguez, were tried in their absence and found guilty of the indicted offenses. PCR App. at 444–45. The sentences were sealed at that time. On April 2, 2004, Petitioner was brought before the trial court and the Honorable J. Derham Cole pronounced the sentences of twenty-five (25) years for trafficking and five (5) years each for possession of a weapon and pointing and presenting. PCR App. at 452. Petitioner did not appeal his conviction or sentence.

Petitioner filed an application for Post-Conviction Relief (PCR) on February 17, 2005, asserting that he received ineffective assistance of counsel. PCR App. at

456–62. The State made its return on August 15, 2005. PCR App. at 463–67. An evidentiary hearing into the matter was held before the Honorable Doyet A. Early, III on September 18, 2006, at which time Petitioner was present and represented by David C. Alford, Esquire. PCR App. at 468–505. Although the matter was heard by Judge Early, the Honorable Roger L. Couch signed, by mistake, an Order of Dismissal on August 6, 2008. PCR App. at 506–10. The Petitioner did not appeal the denial of PCR at that time.

Instead Petitioner then filed a second PCR application on January 25, 2010. PCR App. at 512–18. The State made its return and motion to dismiss all claims except for his claim for a belated PCR appeal on June 23, 2010. PCR App. at 519–25. An evidentiary hearing into the matter was held before the Honorable Roger L. Couch on September 14, 2010, at which time Petitioner was present and represented by M. Terry Haselden, Esquire. PCR App. at 527–33. On November 16, 2010, Judge Couch signed an Order granting Petitioner's claim that he should be allowed a belated appeal of the first PCR Court's denial of relief, and otherwise denying all his other claims. PCR App. at 534–37.

A timely notice of appeal was filed on Petitioner's behalf. Notice of Appeal (First PCR Appeal). Because of the earlier scrivener's error, however, the State filed a motion to remand to correct the error—to remove Judge Couch's name from the first order of dismissal and to have the appropriate judge review and sign the order. PCR App. at 538–40. Wanda H. Carter, Deputy Chief Appellate Defender, represented the Petitioner and filed a return on Petitioner's behalf. PCR App. at 541–43. Thereafter, in an order dated May 27, 2011, the South Carolina Supreme Court vacated the first order

of dismissal and the order granting Petitioner's claim for an appeal of the denial of PCR and directed Judge Early to issue an order on Petitioner's first PCR application. PCR App. at 544–46.  The court reappointed David Alford to represent Petitioner on remand and instructed Alford to serve and file a timely notice of appeal if Petitioner so desired after the new PCR order was issued. PCR App. at 545.  The court issued a remittitur on June 13, 2011. Remittitur (First PCR Appeal).

In an order dated June 9, 2011, and filed June 14, 2011, Judge Early denied and dismissed Petitioner's PCR application with prejudice. PCR App. at 547–51.  Alford filed a notice of appeal on Petitioner's behalf on June 16, 2011. PCR App. at 552.  On April 12, 2012, Carter filed a petition for writ of certiorari arguing "[t]he PCR judge erred in ruling that no error occurred when the circuit court judge tried petitioner in his absence because petitioner's complaints that he was neither warned nor noticed of his trial date and that he did not waive his right to be present at trial were supported by the record in the case." Petition for Writ of Certiorari.  In an order dated December 5, 2013, the Supreme Court of South Carolina denied the petition, and issued a remittitur on December 23, 2013.  This Petition for a Writ of Habeas Corpus followed on February 3, 2014.

## SUMMARY JUDGMENT STANDARD

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, summary judgment "shall" be granted "if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a).  "Facts are 'material' when they might affect the outcome of the case, and a 'genuine issue' exists when the evidence would allow a reasonable jury to return a

verdict for the nonmoving party." The News & Observer Publ'g Co. v. Raleigh-Durham Airport Auth., 597 F.3d 570, 576 (4th Cir. 2010) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)).  In ruling on a motion for summary judgment, "'the nonmoving party's evidence is to be believed, and all justifiable inferences are to be drawn in that party's favor.'" Id. (quoting Hunt v. Cromartie, 526 U.S. 541, 552 (1999)); see also, Perini Corp. v. Perini Constr., Inc., 915 F.2d 121, 123-24 (4th Cir. 1990).

## HABEAS CORPUS

Petitioner filed his petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), therefore, review of his claims is governed by 28 U.S.C. § 2254(d), as amended. Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997); Breard v. Pruett, 134 F.3d 615 (4th Cir.1998). Under the AEDPA, federal courts may not grant habeas corpus relief unless the underlying state adjudication--

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).  "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly.  Rather, that application must also be unreasonable." Williams v. Taylor, 529 U.S. 362, 410, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000).  "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on

7

the correctness of the state court's decision," and "even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." Harrington v. Richter, 562 U.S. 86, 131 S.Ct. 770, 786, 178 L.Ed.2d 624 (2011).  Moreover, state court factual determinations are presumed to be correct, and the Petitioner has the burden of rebutting this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

## EXHAUSTION AND PROCEDURAL BYPASS

Federal law establishes this Court's jurisdiction over habeas corpus petitions. 28 U.S.C. § 2254.  This statute permits relief when a person "is in custody in violation of the Constitution or laws or treaties of the United States" and requires that a Petitioner present his claim to the state's highest court with authority to decide the issue before the federal court will consider the claim. Id.

The separate but related theories of exhaustion and procedural bypass operate to require a habeas Petitioner to first submit his claims for relief to the state courts.  A habeas corpus petition filed in this Court before the Petitioner has appropriately exhausted available state-court remedies or has otherwise bypassed seeking relief in the state courts will be dismissed absent unusual circumstances.

In South Carolina, a person in custody has two primary means of attacking the validity of his conviction: (1) through a direct appeal, or (2) by filing an application for PCR.  State law requires that all grounds for relief be stated in the direct appeal or PCR application. S.C.App.Ct. R. 203; S.C.Code Ann. § 17–27–90; Blakeley v. Rabon, 266 S.C. 68, 221 S.E.2d 767, 770 (S.C. 1976).

If any avenue of state relief is still available, the Petitioner must proceed through the state courts before requesting a writ of habeas corpus in the federal courts.

8

Richardson v. Turner, 716 F.2d 1059, 1062 (4th Cir. 1983); Patterson v. Leeke, 556 F.2d 1168, 1173 (4th Cir. 1977).  Therefore, in a federal petition for habeas relief, a Petitioner may present only those issues that were presented to the highest South Carolina court through direct appeal or through an appeal from the denial of a PCR application, regardless of whether the court actually reached the merits of the claim.  See  State v. McKennedy, 348 S.C. 270, 559 S.E.2d 850, 854 (S.C. 2002) (reiterating that discretionary review by the South Carolina Supreme Court is not required to exhaust available state court remedies: "[South Carolina] has identified the petition for discretionary review to [the South Carolina Supreme Court] in criminal and post-conviction cases as outside South Carolina's standard review process.  In [the South Carolina Supreme Court's] 1990 order, th[e] Court stated that petitions for rehearing and certiorari following an adverse Court of Appeals' decision are not required in order to exhaust all available state remedies." (emphasis in original) (citing In re Exhaustion of State Remedies in Criminal and Post–Conviction Relief Cases, 321 S.C. 563, 471 S.E.2d 454 (S.C.1990)).

     Procedural bypass, sometimes referred to as procedural bar or procedural default, is the doctrine applied when a Petitioner seeks habeas corpus relief based on an issue he failed to raise at the appropriate time in state court, removing any further means of bringing that issue before the state courts.  In such a situation, the Petitioner has bypassed his state remedies and, as such, is procedurally barred from raising the issue in his federal habeas petition.  See  Smith v. Murray, 477 U.S. 527, 533, 106 S.Ct. 2661, 91 L.Ed.2d 434 (1986).  The United States Supreme Court has stated that the procedural bypass of a constitutional claim in earlier state proceedings forecloses

9

consideration by the federal courts. See id. Bypass can occur at any level of the state proceedings if a state has procedural rules that bar its courts from considering claims not raised in a timely fashion. Id.

The Supreme Court of South Carolina will refuse to consider claims raised in a second appeal that could have been raised at an earlier time. See S.C.Code Ann. § 17–27–90; Aice v. State, 305 S.C. 448, 409 S.E.2d 392, 394 (S.C. 1991). Further, if a prisoner has failed to file a direct appeal or a PCR application and the deadlines for filing have passed, he is barred from proceeding in state court. S.C.App.Ct. R. 203(d)(3), 243. If the state courts have applied a procedural bar to a claim because of an earlier default in the state courts, the federal court honors that bar. See Reed v. Ross, 468 U.S. 1, 11, 104 S.Ct. 2901, 82 L.Ed.2d 1 (1984); see also, Kornahrens v. Evatt, 66 F.3d 1350, 1357 (4th Cir.1995). As the United States Supreme Court explained: " [State procedural rules promote] not only the accuracy and efficiency of judicial decisions, but also the finality of those decisions, by forcing the defendant to litigate all of his claims together, as quickly after trial as the docket will allow, and while the attention of the appellate court is focused on his case." Reed, 468 U.S. at 10–11.

Nevertheless, if a federal habeas Petitioner can show both (1) " 'cause' for noncompliance with the state rule" and (2) "'actual prejudice resulting from the alleged constitutional violation[,]' " the federal court may consider the claim. Smith, 477 U.S. at 533 (quoting Wainwright v. Sykes, 433 U.S. 72, 84, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977)). When a Petitioner has failed to comply with state procedural requirements and cannot make the required showing of cause for his failure to raise the claim and actual prejudice resulting from the failure, the federal courts generally decline to hear the

claim. Murray v. Carrier, 477 U.S. 478, 496, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986). Furthermore, if the Petitioner does not raise cause and prejudice, the court need not consider the defaulted claim. See Kornahrens, 66 F.3d at 1363.

As an alternative to demonstrating cause for failure to raise the claim, the Petitioner must show a miscarriage of justice. To demonstrate a miscarriage of justice, the Petitioner must show he is actually innocent. See Carrier, 477 U.S. at 496 (holding a fundamental miscarriage of justice occurs only in extraordinary cases, "where a constitutional violation has probably resulted in the conviction of someone who is actually innocent"). Actual innocence is defined as factual innocence, not legal innocence. Bousley v. United States, 523 U.S. 614, 623, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998). To meet this actual innocence standard, the Petitioner's case must be truly extraordinary. Carrier, 477 U.S. at 496.

## DISCUSSION

A review of the record and relevant case law reveals that all of Petitioner's claims have been exhausted. Nevertheless, all claims, except the claim that his trial attorney was constitutionally ineffective for not informing him of his trial date, have been procedurally defaulted and the Petitioner has not shown cause and prejudice to excuse the default; those claims cannot be reviewed on the merits here. Furthermore, while the remaining claim was raised and ruled upon by the PCR court, it does not entitle him to habeas corpus relief on it's merits. The Petition should be dismissed in its entirety.

In the sole ground which this court can review on the merits, Petitioner asserts that trial counsel rendered ineffective assistance of counsel by failing to inform him of his trial date. To be entitled to relief on an ineffective assistance claim, Petitioner had

to have shown in state court that (1) trial counsel's performance fell below an objective standard of reasonableness, and (2) a reasonable probability exists that but for counsel's error, the result of that proceeding would have been different. Strickland v. Washington, 466 U.S. 668, 687, 694 (1984). Nevertheless, the review of ineffective assistance of counsel claims in federal habeas is not simply a new review of the merits; rather, habeas review is centered upon whether the state court decision was reasonable. See 28 U.S.C. § 2254(d). Additionally, each step in the review process requires deference—deference to counsel and deference to the state court that previously reviewed counsel's actions:

> Establishing that a state court's application of Strickland was unreasonable under § 2254(d) is all the more difficult. The standards created by Strickland and § 2254(d) are both "highly deferential," and when the two apply in tandem, review is "doubly" so. The Strickland standard is a general one, so the range of reasonable applications is substantial. Federal habeas courts must guard against the danger of equating unreasonableness under Strickland with unreasonableness under § 2254(d). When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied Strickland's deferential standard.

Harrington v. Richter, 131 S.Ct. 770, 788 (2011) (internal citations omitted).

Here, the trial court questioned trial counsel about Petitioner's absence, and trial counsel informed the court that he had advised Petitioner of when he needed to be present for trial and that he could be tried in his absence. PCR App. at 10–14. Thereafter, the trial court proceeded with trial in both Petitioner's and his co-defendant's absence. The PCR court found that trial counsel's testimony was credible, that trial counsel informed Petitioner of his trial date, and that trial counsel informed Petitioner that he would be tried in his absence if he failed to appear. These factual findings by the PCR court are entitled to deference here. Cagle v. Branker, 520 F.3d 320, 324 (4th

Cir. 2008) (citing 28 U.S.C. § 2254(e)(1)) ("[F]or a federal habeas court to overturn a state court's credibility judgments, the state court's error must be stark and clear."); see also Marshall v. Lonberger, 459 U.S. 422, 434 (1983) ("28 U.S.C. § 2254(d) gives federal habeas courts no license to redetermine credibility of witnesses whose demeanor has been observed by the state trial court, but not by them."). Petitioner may overcome this presumption of correctness of the trial court's findings only by showing "'clear and convincing evidence to the contrary.'" Wilson v. Ozmint, 352 F.3d 847, 858–59 (4th Cir. 2003) (quoting Miller-El v. Cockrell, 537 U.S. 322, 240 (2003)). Petitioner has shown no cause to discount these findings or prejudice therefrom, much less clear and convincing cause and prejudice, and it appears that none exists. Petitioner is not entitled to habeas relief.

## CONCLUSION

It is therefore RECOMMENDED, for the foregoing reasons, that Respondent's Motion for Summary Judgment (Dkt. No. 23) be GRANTED; and the Petitioner's habeas petition be DISMISSED WITH PREJUDICE. The undersigned further RECOMMENDS that a certificate of appealability be DENIED.[2]

---

[2] Title 28, Section 2253 provides in relevant part,
(c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–
    (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
    (B) the final order in a proceeding under section 2255.
28 U.S.C. § 2253. A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. See Miller-El v. Cockrell, 537 U.S. 322, 336 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683 (4th Cir. 2001). In the case *sub judice*, the legal standard for a certificate of appealability has not been met. The undersigned therefore recommends that a certificate of appealability be denied.

IT IS SO RECOMMENDED.

September 24, 2014
Charleston, South Carolina

WALLACE W. DIXON
UNITED STATES MAGISTRATE JUDGE

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> **Robin L. Blume, Clerk**
> **United States District Court**
> **Post Office Box 835**
> **Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).