**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

| | | |
|---|---|---|
| Jorge Alberto Rodriguez, | ) | |
| | ) | Civil Action No. 2:14-cv-00286-JMC |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER AND OPINION** |
| | ) | |
| Warden Dennis Bush, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

Petitioner Jorge Alberto Rodriguez ("Petitioner") filed this *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 alleging ineffective assistance of trial counsel, violation of due process and equal protection of the law, excessive sentence, and "violations of my U.S. Constitutional Rights (Bill of Rights)—U.S.C.A. 1st, 4th, 5th, 14th and 8th." (ECF No. 1.) This matter is before the court on Respondent Dennis Bush's ("Respondent") Motion for Summary Judgment (ECF No. 22).

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, the matter was referred to United States Magistrate Judge Wallace W. Dixon for pre-trial handling. On September 24, 2014, the Magistrate Judge issued a Report and Recommendation ("Report") recommending the court grant Respondent's Motion for Summary Judgment and dismiss the Petition with prejudice. (ECF No. 27.) This review considers Petitioner's Objections to the Report ("Objections"), filed October 14, 2014. (ECF No. 29.) For the reasons set forth herein, the court **ACCEPTS** the Magistrate Judge's Report. The court thereby **GRANTS** Respondent's Motion for Summary Judgment (ECF No. 23) and **DISMISSES** the Petition with prejudice.

**I. RELEVANT FACTUAL AND PROCEDURAL BACKGROUND**

The court concludes upon its own careful review of the record that the factual and

procedural summation in the Magistrate Judge's Report is accurate, and the court adopts this summary as its own. (*See* ECF No. 27.) The court will only recite herein facts pertinent to the analysis of Petitioner's Objections.

Petitioner is currently housed in Broad River Correctional Institution, having transferred from Lee Correctional Institution, where he was housed at the time he filed the Petition. (ECF No. 1 at 1; *see* South Carolina Department of Corrections Incarcerated Inmate Search, http://public.doc.state.sc.us/scdc-public/.) Both institutions are within the South Carolina Department of Corrections. In December 2003, Petitioner was tried *in absentia* and convicted by a jury of trafficking in cocaine over 200 grams, possession of a weapon during the commission of a violent crime, and pointing and presenting a firearm. (ECF No. 27 at 4.) Petitioner was sentenced to twenty-five (25) years in prison for the trafficking charge and five (5) years each for each weapon charge. (*Id.*) Petitioner did not appeal the conviction or sentence. (*Id.*)

On February 17, 2005, Petitioner filed an application for Post-Conviction Relief ("PCR"), asserting ineffective assistance of counsel, which was dismissed on August 6, 2008. (*Id.* at 4-5.) Petitioner filed a second PCR application on January 25, 2010, which was dismissed on November 16, 2010. (*Id.* at 5.) Petitioner filed a PCR appeal, which was dismissed on June 9, 2011. (*Id.* at 6.) The Supreme Court of South Carolina denied Petitioner's writ of certiorari on December 5, 2013. (*Id.*)

Petitioner filed this Petition on February 3, 2014, alleging four grounds: (1) ineffective assistance of trial counsel, (2) violation of due process and equal protection of the law, (3) excessive sentence, and (4) "violations of my U.S. Constitutional Rights (Bill of Rights)—U.S.C.A. 1st, 4th, 5th, 14th and 8th." (ECF No. 1 at 5-12.) Respondent filed a Motion for Summary Judgment on June 27, 2014. (ECF Nos. 22, 23.)

On September 24, 2014, the Magistrate Judge issued the Report recommending the court grant Respondent's Motion and dismiss the Petition with prejudice. (ECF No. 27.) In the Report, the Magistrate Judge found that Grounds 2, 3, and 4 were procedurally defaulted, as Petitioner had not raised these claims for relief in any of his state court proceedings. (*Id.* at 11.) Further, the Magistrate Judge found that Petitioner could not demonstrate cause and prejudice to excuse the default. (*Id.*) On Ground 1, the Magistrate Judge found that Petitioner could not demonstrate that the state court was unreasonable when it determined that his trial counsel was not ineffective under the standard set forth in *Strickland v. Washington,* 466 U.S. 688 (1984).

Petitioner timely filed his Objections on October 14, 2014. (ECF No. 29.)

## II. LEGAL STANDARD AND ANALYSIS

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *See Matthews v. Weber*, 423 U.S. 261, 270-71 (1976). This court is charged with making a *de novo* determination of those portions of the Report to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation, or recommit the matter with instructions. *See* 28 U.S.C. § 636 (b)(1).

Objections to a Report and Recommendation must specifically identify portions of the Report and the basis for those objections. Fed. R. Civ. P. 72(b). "[I]n the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005)

(quoting Fed. R. Civ. P. 72 advisory committee's note). Failure to timely file specific written objections to a Report will result in a waiver of the right to appeal from an Order from the court based upon the Report. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984). If the petitioner fails to properly object because the objections lack the requisite specificity, then *de novo* review by the court is not required.

As Petitioner is a *pro se* litigant, the court is required to liberally construe his arguments. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). The court addresses those arguments that, under the mandated liberal construction, it has reasonably found to state a claim. *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999).

Petitioner's Objections are a word-for-word repetition of his Motion for Denial of Summary Judgment (ECF No. 26), which the Magistrate Judge had available for review at the time the Report was issued. The Magistrate Judge was not persuaded by Petitioner's arguments and Petitioner offers no argument as to why the Magistrate Judge was mistaken in not finding his arguments persuasive. In fact, the Petitioner makes no reference to the Report at all. As such, Petitioner's Objections lack the requisite specificity required by Federal Rule of Civil Procedure 72(b). Because Petitioner failed to properly object to the Report with specificity, the court does not need to conduct a *de novo* review and instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond,* 416 F.3d at 315. The court does not find clear error and accepts the Report by the Magistrate Judge.

### III. CONCLUSION

Based on the aforementioned reasons and a thorough review of the Report of the Magistrate Judge and the record in this case, the court **ACCEPTS** the Report of the Magistrate

Judge (ECF No. 27).  It is therefore ordered that Respondent's Motion for Summary Judgment (ECF No. 23) is **GRANTED** and this Petition (ECF No. 1) is **DISMISSED** with prejudice.

### Certificate of Appealability

The law governing certificates of appealability provides that:

(c)(2) A certificate of appealability may issue… only if the applicant has made a substantial showing of the denial of a constitutional right.
(c)(3) The certificate of appealability… shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c).  A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable.  *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001).  In this case, the legal standard for the issuance of a certificate of appealability has not been met.

**IT IS SO ORDERED.**

J. Michelle Childs

United States District Judge

March 19, 2015
Columbia, South Carolina